The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning counsel. The time set for oral argument in case number 19-1918 In Re PersonalWeb Technologies. Mr. Sherman are you ready to proceed? Yes I am, your honor. Well then go ahead, the clock is running. May it please the court, my name is Michael Sherman, counsel for Appellant PersonalWeb Technologies LLC. There are two issues that I would like to address. Point one, as far as application of the Kessler Doctrine is concerned in this case, there is a very simple threshold question that this court should answer. Mr. Sherman, this is Judge Wallach. On page 2 of the red brief, Amazon asserts that PersonalWeb voluntarily, I'm quoting them, PersonalWeb voluntarily dismissed its claims with prejudice after an unfavorable claim construction order. I didn't see any mention of an unfavorable claim construction order in either of PersonalWeb's briefs. Was there such a claim construction order? No there was not, your honor. And the best that Amazon does is state on that second sentence of their introduction effectively that it won claim construction that is nowhere supported by the appellate record. And Kessler has never been applied by the federal circuit without a prior adjudication of non-infringement. That did not happen here, ergo Kessler should not apply. This is Judge Toronto. Can I ask you a question? Why isn't the final judgment in the Texas action which is pursuant to the dismissal with prejudice of a complaint, the entirety of which asserts infringement, an adjudication of non-infringement? I consented to one, but why is it not an adjudication of non-infringement? Well, that essentially, your honor, is the syllogism that Amazon constructs, that voluntary dismissal with prejudice is a judgment on the merits and entitled to preclusive effect and that therefore dismissal with prejudice is an adjudication of PersonalWeb's patent infringement claims and thus Amazon as a party is an adjudicated non-infringer. The problem with that, though, is that Amazon is reduced to conceding that an adjudication of non-infringement is required under Kessler. They're just saying that an adjudicated non-infringer ought not mean what the plain language says it means. This would erase the holding, the U.S. Supreme Court decision of Lowler v. National Screen Services, 1955. It would fly in the face of Mentor Graphics. In Mentor Graphics, this court stated, consistent with the Supreme Court's Lowler decision and our decisions in Aspects and Brain Life, we hold that claim preclusion does not bar a patentee from bringing infringement claims for acts of infringement occurring after the final judgment in a previous case and we reverse the grant of summary judgment to claim preclusion barred Mentor's assertion of the 531 and 176 patents. The Kessler application following an adjudication of non-infringement means, and I'm quoting from Kessler, this judgment, whether it proceeds upon good reasons or upon bad reasons, whether it was right or wrong, settled finally and everywhere. And the Supreme Court in Kessler goes on to say it's the corresponding duty of Eldred to recognize and yield to that right everywhere and always. And so, to finish up the answer to that question, finally, everywhere, always, you know, back from 1907, U.S. Supreme Court means what it says, always and forever. And as Amazon argues, claim preclusion is the same today as it was at the time of Kessler. And so, finally, everywhere and always cannot be read consistent with going beyond the Lowell or Mentor graphics, claim preclusion only up through prejudgment, and that is how Amazon syllogism falls apart. Mr. Sherman, this is Judge Wallace. On page 28 of the blue brief, Personal Web says, ultimately, the entire Texas action was dismissed with prejudice or, and I'm quoting you, cost slash benefit litigation reasons. What does that mean and what shows us what that is in the record? Yes, what that means, what that means is that in the Texas action, the reason for the reservation of rights in favor of Amazon on its dismissal with prejudice of its declaratory judgment action for non-infringement was the party's failure to reach an agreement on an acceptable license term. That is found in Appendix 735, the Hadley Declaration. Amazon wanted, as part of the dismissal of the entire Texas action with prejudice, the right to seek declaratory judgment of non-infringement in the future. Hence, I think it's pretty clear that a non-infringement declaratory judgment action is hardly the prior adjudication of non-infringement required by Kessler. But continuing on, the fact is that the dismissal with prejudice being the sole trigger, as this court, your honors know, there could be many reasons why there's a reason to dismiss an infringement cause of action with prejudice that has nothing to do with non-infringement. For example, lack of personal jurisdiction, misidentification of a party leading to dismissal in a new filing because of a lack of understanding of all the underlying transactions, or finding out after filing that a third party is the direct infringement and you cannot prove indirect infringement. My point being that you can't and shouldn't just look at only whether there's been a dismissal with prejudice because a dismissal with prejudice alone is just not enough. If that were... Mr. Sherman, this is Judge Bryson. I have a couple of questions. But the first is, on your point that you're making now, you're not arguing, are you, that a dismissal with prejudice, as opposed to a dismissal without prejudice, but a dismissal with prejudice does not terminate the cause of the complaint? Are you arguing that? Absolutely not, your honor. No, okay. So this particular cause of action is over. Period. You can't, regardless of the reasons for the termination of the, that the decision was made to consent to a dismissal with prejudice, the cause of action has been extinguished, right? Correct. Everything pre-judgment over, done with. Right. Okay. And the second question is, I assume, both from your briefs and also from the beginning of your argument, that there is a live issue as to infringing activity that occurred after the judgment in the Texas case. That is correct, is it not? Absolutely. Okay, good. Now, I guess my last question is that Kessler doctrine applies. In your brief, you repeatedly say, too, it has to be an adjudication of non-infringement, but I think it's pretty clear from the cases that it also applies, for example, to an adjudication of invalidity of the patent. You would agree with that, would you not? Well, if you're having difficulty on that, let me cite you to the Speed Track case at page 1323, in which it says, the Kessler doctrine bars the patent infringement action against a customer or seller who has previously prevailed against the patentee because of invalidity or non-infringement of the patent. So it does sound like we have adopted the broader view as to what sort of reason for the adjudication would be enough to terminate the cause of action and invoke Kessler. Would you agree to that? Yeah, I mean, I would say that blonder tongue and, you know, invalidity, you really don't even need Kessler for that. Well, okay, but whatever Kessler leads us to conclude, it is triggered by, for example, an adjudication of invalidity as well as non-infringement. If it is based on invalidity, perhaps, but I think that what Your Honor is referencing is dicta and not holdings in any of the Federal Circuit cases. Okay, and I guess where I'm going with this is, and this I think picks up on Judge Toronto's earlier question, I'm wondering whether it isn't the case that when we talk about the scope of Kessler, that it's not so much whether there's been an adjudication of non-infringement, but rather the question of whether there's been an adjudication of non-liability for infringement. And put that way, that would include other reasons that the claim of infringement has been defeated by either invalidity or inequitable conduct leading to a finding of unenforceability. All of those presumably would lead to the same conclusion, which is an adjudication of non-liability for infringement. Wouldn't that be the better way to put the Kessler, the scope of the Kessler doctrine? Well, I think that the, clearly the Kessler doctrine is, does require a prior adjudication of non-infringement, and if the prior- I thought we had already discussed the question of whether it had to be non-infringement, a finding of non-infringement, as opposed to, say, a finding of invalidity. You know, I would say that in the hypothetical that you're providing, it could apply only if the prior judgment extended to post-judgment through some express agreement or an express finding of the court. And without that, I think that the- Counsel, what's your authority for that proposition? Finally and everywhere. Finally and everywhere. Everywhere and always in Kessler. Is it your position that if a judgment is issued against a party, it's not final and everywhere? It is final and everywhere up through the time of the entry of that judgment, and the Federal Circuit in Brain Life made it clear that it would not be applying to post-judgment activity. Counsel, one of the points you make, and we're into your rebuttal time, but one of the points you make is apparently you're saying the accused products or processes are not materially different, but it's against a different feature of the same patent. Is that correct? I would say that our position is that there are major differences between what was accused in the Texas action to the present action relying on the infringement contentions. There's a gigantic difference between the operation and mechanics of multi-part upload in Texas by S3 customers that uploaded very large files versus here. Counsel, those are both part of the same patent, yes? They are both part of the same patent. However, according from Acumed, where the differences between them, that is the accused devices, are merely colorable or unrelated to the limitations in the claim of the patent, in that instance, claim preclusion would not be applied. And that's what this circuit has held in Acumed 1324. Counsel, Brain Life says that claim preclusion bars both allegations that were brought as those as I'm quoting, as well as those that could have been brought. And Brain Life found that in Acumed, focusing on the rule about claim splitting, what this court said is a contrary reading would suggest that any cause of action that could have been joined in the original action would be precluded, a point we rejected over four decades ago. We're talking here about the rule against claim splitting, and I do think it's important that this panel consider not only that Acumed statement and the fact, but the Haitian Republic case. So, your time has expired. I'm going to give you a couple of minutes rebuttals, but you're over now. Thank you. Next counsel, please. Hi, this is Dave Hadden for Amazon and the customer defendants. Picking up on the last point, the Texas action explicitly accused Amazon S3 as the infringing product. This is at Appendix 61. The complaint said, Amazon has infringed and continues to infringe the assertive patents by its manufacturer, use, sale, importation, and or offer for sale of the products and services within the personal web patent field, colon, Amazon simple storage service S3 and Amazon ElastiCash, which is another Amazon web storage service. So, the transaction that defined the cause of action in the first Texas suit was making, using, and selling Amazon S3. Nowhere did the Texas complaint mention multi-part upload. So, what personal web is telling the court now is exactly the opposite of what it told the Texas court. In Texas, personal web told the court that Amazon S3 was the accused product. Mr. Hadden, this is just Toronto. Can I ask you this question? Sure. It appears to be standard law as to issue preclusion that consent judgments don't generate it. Supreme Court said that at least in passing in Arizona against California, and there's had some support in the restatement second of judgments. If claim preclusion is limited by time, why should the Kessler Doctrine be read to attach to a consent judgment that, as issue preclusion limitation that we just talked about, that I just mentioned, indicates is not understood to be a resolution of the liability character of the accused product? So, I think, Your Honor, that this court sort of answered that question in speed track. We noted that Kessler was a necessary supplement to issue and claim preclusion because without it, and this is quoting, a patent owner could file suit against the manufacturer's customers under any theory or claim not actually litigated against the manufacturer as long as it challenged only those acts of infringement that postdated the judgment in the first action. And that result would authorize the type of harassment the Supreme Court sought to prevent in Kessler. And that's exactly, stepping back, what has happened here, but the harassment has come in spades. Amazon obtained a final judgment in its favor. Mr. Haddon, this is Judge Wallach. I just want to interject on that. I asked your opposing counsel about the statement in the red brief that Personal Web failed to mention an unfavorable claim construction order. And he just sort of glossed that over. Is there such an unfavorable claim construction order? Yes. And just to put this in a little more context, Your Honor, this is not a case that was dismissed from the get-go. This case was litigated for two and a half years. And after two and a half years, Personal Web, and particularly after Judge Wallach, did not have a viable infringement claim. Wait, wait, wait. Stop. Your opposing counsel said there was no claim construction order. Oh, no. Absolutely, Your Honor. Absolutely. This case, we were in expert, I was counsel for Amazon on this case. We were in expert discovery post-claim construction when Personal Web gave up this case. And just to kind of, this notion that this was an economic decision, well, let's look at the economics, right? So, Personal Web skewed Amazon. I'm sorry. Mr. I have one further question. What's the record site to that unfavorable claim construction order? That I can't tell you off the top of my head, but I believe that it was cited in... I would have to look, Your Honor. I know there was a claim construction order. I know it was cited in the briefing. I don't have the appendix page. I can try to look during Mr. Sherman's rebuttal. But it should not be disputed. This case was litigated for two and the Eastern District of Texas docket, we would find it there. Of course. Yes, Your Honor. And just to kind of close the loop on this, right? There's another appeal pending from this set of MDL cases where Judge Freeman, subsequent to this Kessler motion, has ruled for summary judgment of orders in the prior cases, as well as reconstruing additional terms in this case. But I just wanted to go back to this argument that somehow this is just a standard procedure that should be allowed under Kessler. And it's not, right? Personal Web had the opportunity to take its best shot against Amazon with its patents in Texas. It tried that. It litigated for two and a half years. It then gave up that case. And it gave up, and this is important, eight years of potential damages going back to the launch of Amazon S3 in 2006. All that, it gave up. And what did Amazon give up? Amazon gave up nothing. It didn't pay anything. It reserved all of its rights. So under Kessler, at that point, Amazon should have the ability to continue its business as it did before it was sued. The fact that Personal Web gave up its case to avoid a trial should not change the fact that Amazon had obtained the right to continue its business that the Supreme Court gave it in Kessler. And this is specifically just the S3? Yes, Your Honor. Yes, Your Honor. Exactly the part that was accused. Yeah, this is Judge Bryson again. To go back to Judge Toronto's earlier question about issue preclusion, it seems to me, and here's what's troubling me about this case. Your reading of Kessler would extend both issue preclusion in the way that Judge Toronto was referring to as normally not applicable to consent judgment, and also claim preclusion in the sense that it would apply a form of claim preclusion under the rubric of Kessler to infringing activities after the judgment in the first case. Even though in Kessler and itself, that was a pretty obvious instance of issue preclusion. I mean, they didn't call it that. And of course, mutuality of estoppel prevented them from applying the traditional doctrines. But really, if you look at it in modern terms, it was clearly an application of issue preclusion. And yet you're asking us to say that this doctrine, which is peculiar to patent law, should be adopted even though it is not supported by either of the two principal pillars of the law of judgment, issue and claim preclusion. And given that the Supreme Court has demonstrated to us more than a few times that it is not favorably inclined towards patent-specific rules, and even though Kessler itself can easily be fit into the traditional res judicata rules, why should we extend Kessler beyond the scope of what its particular holding was? Well, I don't think we are extending it, Your Honor, and I think that... Except for with me, if you would, just for purposes of argument. My premise that Kessler is an issue preclusion case in sum and substance. But so in that sense, you would agree, I think, with Judge Toronto's point that issue preclusion is not arguably present here. Correct. I do not dispute that issue... Go ahead. I'm sorry. Yeah. So I agree with Judge Toronto and Your Honor's premise that issue preclusion does not apply here. But the Federal Circuit has never limited Kessler to issue preclusion, right? That was the whole point of brain life. Brain life, the method claims were barred under Kessler, even though the opinion strongly suggests they were in fact infringed, right? The saving element of the apparatus claims that was the basis for reversing the jury's finding of infringement in the first case were not in the method claims. So those claims were likely infringed. There was no determination or issue preclusion that would apply to bar those claims. What barred the claims was the final judgment, the final judgment in the first case. Similarly, in Speed Track, the doctrine of equivalence claims were never litigated. Issue preclusion did not apply, but Kessler did. And the reason it did was there was a final judgment in the first case. And stepping back, right, I think all of those cases, including Kessler, stand for the proposition that when a supplier clears themselves in a case that is brought by a patentee, they should be able to continue their business, including selling the product that was at issue in the first case. And that's all that's happening here, that all that Amazon is requesting, right? It was sued, it litigated for two and a half years, it prevailed. There was a final judgment. At that point, Amazon had the right to continue its business as if it had won a trial. Suppose, Mr. Haddon, that there weren't any customers in this picture, and this were just a case, let's say, in which Amazon was using the patented method, not selling it, just using it, and the infringement action was brought on that basis. There had been, as in this case, a prior judgment. There would be no protection for post-judgment infringement in that case, right? Correct. Under plain preclusion, it wouldn't apply. Yes, Your Honor. Right. So it seems kind of odd that if you introduce customers into the picture, that suddenly the rules change and Amazon gets protection. That seems a little bit odd. I don't think it is, Your Honor, because particularly this case highlights it. So the thing, Personal Web had its chance to sue Amazon, and it had its chance to collect all of its damages from Amazon, and it gave up that opportunity, entered its final judgment with its final judgment. Well, it's also suing Amazon itself, correct? Not in the cases before us, but I gather it is continuing to press against Amazon. A counterclaim in the D.J. action? There is a counterclaim in the D.J. action. Yes, Your Honor. Right. So there is a part of this case that's exactly the same, I suppose, in all material respects as the case that I put hypothetically in which Amazon was making the goods here, in which Amazon is being sued itself for post-Texas judgment activity, right? Yes, there is a 10-month period after the final judgment in June 2014 until the patents expired in April 2015. It is not covered by... Your argument about Amazon's being put in an impossible position by having to defend against post-judgment infringement charges wouldn't prevail if there were no customers, and Amazon was just committing these acts of infringement by itself, right? That claim would not be barred by claim preclusion if there were no... Or Tesla or anything else. Correct. Right. Okay. Correct. All right. Go ahead. I don't speak to that. No. So the point is, and I think the policy issue, why Kessler should apply in this situation is that there is no change in the economics that makes Personal Web's claims more viable against Amazon's customers in 2018 than they were when they gave them up back in 2014. The only thing that has changed is that Personal Web has sued, instead of Amazon, 80 customers who do not have the ability and incentive to defend Amazon's technology. This is just... Can I ask you, I guess, a pair of questions? One is, have you looked at anything in legislative history, say, of Congress's various Title 35 enactments since, well, since, say, 50 years ago when Blondertongue came down and opened up a world of non-mutual issue preclusion that offers some illumination about whether Congress has understood there to be a Kessler doctrine that goes beyond issue preclusion? That's the first. And the answer may be a simple, no, you don't know anything. And then I'll move to the second question. The answer is a simple no, unfortunately, Your Honor. Okay. So the other question is, is there anything... This picks up, I guess, on something Judge Bryson mentioned about the general reasons to be suspicious of patent-specific doctrines. Is there anything that you can think of that would be textual in Title 35 or any offering of explanation for why there ought to be an additional you-can't-come-back-a-second-time doctrine just to avoid labels for this patent situation that wouldn't exist outside the patent world? I can't off the top of my head. I think the policy that I think goes hand-in-hand with many times in Rockstar, Nintendo, et cetera, which is that patent disputes should be decided between the patent holder and the supplier of technology. And customers should be spared, particularly where the patent holder has already taken a shot against the supplier of the technology and lost. But if that were true, this is Judge Bryson, if that were true, and suppose there were a rule adopted tomorrow by Congress that you may not sue customers, you may only sue the principal here. If that were true, then if this were an action by a personal web against Amazon only, then it would seem that the doctrine of claim preclusion would say Amazon is fully protected up until the date of the judgment in the Texas case and not thereafter. I agree, Your Honor, but the hypothesis is a little, I think, fictional because we would not be here if Personal Web could not sue the customers because we're only here because they sued 80 customers. They didn't choose to come back after Amazon again. Amazon inserted itself in this case to protect the customers. So if Personal Web really wanted to go after Amazon, they could have continued their case through trial in Texas, and we would have issued preclusion. They chose not to do that. They walked away. They dismissed with prejudice. They accepted the judgment. We're only back here now because they sued 80 customers to try to get some nuisance settlements after their patents expired. Could I ask you just one more question? I'm sorry I've taken up too much of your time. But if there had been, in the Texas case, a license for $1 that Personal Web gave to Amazon, would that, in your view, change the outcome of this case? It could. I think it's important, particularly, you know, mentor graphics has nothing to do with this case. Amazon did not retain its right under Kessler or otherwise to continue its business because it took a license. It retained its rights because Personal Web's cause of action was dismissed with prejudice. So at that point, Amazon was free to go about its business, not because it took a license, but because it defeated that claim. Okay. Any further questions? No. Okay. Thank you, counsel. Two minutes for rebuttal. Thank you, Your Honor. Your Honor, there are three points that I think deserve to be made here. First, counsel indicated he couldn't tell you off the top of his head about the adverse claim construction order. The fact is that there was no unfavorable claim construction order in Texas. There's nothing in the record about it. In the present case below, in fact, Amazon argued the claim construction of the, that from the court in Texas should be adopted, that was opposite, excuse me, that was opposite of the Texas claim construction. Okay? And so there was a claim construction. There's nothing in the record suggesting it was unfavorable. Second, with respect to the dismissal of the declaratory judgment action. Counsel, are you representing to the court that that was a favorable claim construction for your client? I'm representing that it was a claim construction. It was, it had all sorts of twists and turns, but the determination as set forth in the record on the appendix, 735, the Hadley Declaration, the decision that was made was an economic decision because of damages. Because for those reasons, this was not a claim construction to my knowledge that established non-infringement. With respect to the dismissal point that the panel and counsel spent some time on, Amazon had a counterclaim in the Texas action. It sought a declaration of non-infringement. They gave it up. They dismissed it. They had the absolute right under FRCP 41A sub 2 to maintain it. But they gave it, they reserved their rights and that's why we're here. They didn't win on non-infringement below. My third and last point is that you can wrap it up. Thank you. Permissible joinder is not coextensive with a cousin of claim preclusion. The Haitian Republic case states from 1894, one of the tests laid down for the purpose of determining whether or not causes of action should be joined is whether the evidence necessary to prove one cause of action would establish the other. And that's not the case here because evidence would be completely different because the infringement contentions are completely different and there's different accusations of different aspects of the device. It's download versus upload. Thank you very much. Thank you. This matter will be submitted.